**LOWENSTEIN SANDLER PC**
Robert C. Boneberg, Esq.
David M. Banker, Esq.
Richard C. Wolter, Esq.
1251 Avenue of the Americas
New York, New York 10020
Tel. (212) 262-6700
E-mail: rboneberg@lowenstein.com
E-mail: dbanker@lowenstein.com
E-mail: rwolter@lowenstein.com

*Attorneys for Defendants Steven Rabinovici
and Alan Weichselbaum*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

| | | |
|---|---|---|
| In re: | : | |
| | : | |
| JESUP & LAMONT, INC. and | : | Case No. 10-14133 (ALG) |
| JESUP & LAMONT SECURITIES | : | (Jointly Administered) |
| CORPORATION, | : | |
| Debtors, | : | |
| | : | |

------------------------------------------------------------x

| | | |
|---|---|---|
| MATTHEW C. HARRISON, JR., | : | |
| CONFIRMATION TRUSTEE | : | |
| OF THE JESUP LIQUIDATING TRUST, | : | Adv. Pro. No. 12-01169 (ALG) |
| | : | |
| Plaintiff, | : | |
| | : | JURY DEMAND |
| | : | |
| - against - | : | |
| | : | |
| STEVEN RABINOVICI and ALAN | : | |
| WEICHSELBAUM, | : | |
| | : | |
| Defendants. | : | |

------------------------------------------------------------x

## ANSWER, AFFIRMATIVE DEFENSES, AND JURY DEMAND OF DEFENDANTS RABINOVICI AND WEICHSELBAUM

Defendants Steven Rabinovici and Alan Weichselbaum ("Defendants"), by their undersigned counsel, Lowenstein Sandler PC, for their Answer and Affirmative Defenses to the Complaint, state as follows:[1]

1.    State that paragraph 1 purports to set forth legal conclusions that require no response; to the extent paragraph 1 contains factual allegations, Defendants deny the truth of the allegations, except admit that JLSC was a registered broker-dealer regulated for certain purposes by FINRA, and that JLI was the parent corporation of JLSC.

2.    Deny the allegations set forth in paragraph 2.

3.    Deny the truth of the allegations set forth in paragraph 3, except admit that the Debtors filed voluntary petitions in this Court and respectfully refer the Court to those petitions for their contents.

4.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4, except admit, upon information and belief, that a Plan was confirmed and respectfully refer the Court to the Plan for its contents.

5.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5, and respectfully refer the Court to the Plan and the Post-Confirmation Trust Agreement for their contents.

6.    State that paragraph 6 purports to set forth legal conclusions that require no response; to the extent paragraph 6 contains factual allegations, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6, and respectfully refer the Court to the Plan and Post-Confirmation Trust Agreement for their contents.

---

[1] All capitalized terms not otherwise defined herein shall have the meaning ascribed thereto in the Complaint.

7.      State that paragraph 7 purports to set forth legal conclusions that require no response; to the extent paragraph 7 contains factual allegations, Defendants deny the truth of the allegations set forth in paragraph 7.

8.      State that paragraph 8 purports to set forth legal conclusions that require no response; to the extent paragraph 8 contains factual allegations, Defendants deny the truth of the allegations set forth in paragraph 8.

9.      State that paragraph 9 purports to set forth legal conclusions that require no response; to the extent paragraph 9 contains factual allegations, Defendants deny the truth of the allegations set forth in paragraph 9.

10.     State that paragraph 10 purports to set forth legal conclusions that require no response, except deny that this is a "core" proceeding as to the claims against Defendants and Defendants do not consent to entry of final orders or judgment by the bankruptcy judge; and, further, to the extent paragraph 10 contains factual allegations, Defendants deny the truth of the allegations set forth in paragraph 10.

11.     Deny the truth of the allegations of paragraph 11, except admit that defendant Weichselbaum is a citizen of New York and previously served as CFO or CEO of JLI.

12.     Deny the truth of the allegations of paragraph 12, except admit that defendant Rabinovici is a citizen of New York and previously served as Chairman of JLI.

13.     Deny the truth of the allegations of paragraph 13, and incorporate by reference herein Defendants' response to paragraph 1 of the Complaint, except admit that JLI was a publicly traded company, and that, during all or part of the period 2008 to 2010, JLSC had offices in five states and employees.

14.     Deny the truth of the allegations of paragraph 14, except admit, upon information and belief, that at certain times JLSC had recorded outstanding payroll taxes on its books and records and respectfully refer the Court to those books and records for the contents thereof.

15.     Deny the truth of the allegations of paragraph 15.

16.     State that the allegations of paragraph 16 are incoherent, and, to the extent that the allegations can be understood, Defendants deny the truth of the allegations of paragraph 16.

17.     State that paragraph 17 purports to set forth legal conclusions that require no response; to the extent paragraph 17 contains factual allegations, deny the truth of the allegations.

18.     State that paragraph 18 purports to set forth legal conclusions that require no response; to the extent paragraph 18 contains factual allegations, Defendants deny the truth of the allegations except admit that JLSC had to comply with various rules and regulations, and that JLSC filed FOCUS Reports in accordance with certain rules and regulations and respectfully refer the Court to those FOCUS Reports for the contents thereof.

19.     State that paragraph 19 purports to set forth legal and accounting conclusions and opinions that require no response; to the extent paragraph 19 contains factual allegations, Defendants deny the truth of the allegations except admit, upon information and belief, that, from time to time, JLI and JLSC entered debits and credits on their books and records reflecting inter-company transactions, and respectfully refer the Court to the books and records of JLI and JLSC for their contents.

4

20.    State that paragraph 20 purports to set forth legal and accounting conclusions and opinions that require no response; to the extent paragraph 20 contains factual allegations, Defendants deny the truth of the allegations except admit, upon information and belief, that from time to time JLI and JLSC entered debits and credits on their books and records reflecting inter-company transactions, and respectfully refer the Court to the books and records of JLI and JLSC for their contents; and further, deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning FOCUS Reports, and respectfully refer the Court to such reports for their contents.

21.    State that paragraph 21 purports to set forth legal and accounting conclusions and opinions that require no response; to the extent paragraph 21 contains factual allegations, Defendants deny the truth of the allegations except admit, upon information and belief, that from time to time JLI and JLSC entered debits and credits on their books and records reflecting inter-company transactions, and respectfully refer the Court to the books and records of JLI and JLSC for their contents.

22.    State that paragraph 22 purports to set forth legal and accounting conclusions and opinions that require no response; to the extent paragraph 22 contains factual allegations, Defendants deny the truth of the allegations.

23.    State that paragraph 23 purports to set forth accounting conclusions and opinions that require no response; to the extent that paragraph 23 contains factual allegations, Defendants deny the truth of the allegations except admit, upon information and belief, that JLSC's profits and losses, pursuant to various measures and calculations,

varied during 2010, and respectfully refer the Court to the books, records, reports, and statements of JLSC for the contents thereof.

24.    State that paragraph 24 purports to set forth legal and accounting conclusions and opinions that require no response; to the extent that paragraph 24 contains factual allegations, Defendants deny the truth of the allegations.

25.    State that paragraph 25 purports to set forth legal and accounting conclusions and opinions that require no response; to the extent that paragraph 25 contains factual allegations, Defendants deny the truth of the allegations, except admit that in 2010 JLI entered into a lease for space at 623 5th Avenue, New York, New York and respectfully refer the Court to that NY Lease for the contents thereof.

26.    State that paragraph 26 purports to set forth legal conclusions that require no response; to the extent that paragraph 26 contains factual allegations, Defendants deny those allegations, except admit that JLI made certain payments pursuant to the NY Lease and admit that certain petitions, orders, and other instruments were filed in the Debtors' bankruptcy proceedings and respectfully refer the Court to those filings for the contents thereof, and deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning the landlord's claims and acts.

27.    State that paragraph 27 purports to set forth legal conclusions that require no response; to the extent paragraph 27 contains factual allegations, Defendants deny the truth of the allegations except admit that JLI made certain payments pursuant to the NY Lease.

28.    Deny the allegations of paragraph 28, except admit that there were certain transactions between one or both Debtors and 126-30 Northern Boulevard LLC and that

these transactions were reflected by certain notes and other documents and respectfully refer the Court to those instruments for their contents.

29.    Deny the allegations of paragraph 29, except admit that certain payments were made by one or both Debtors to 126-30 NB, that either Mr. Rabinovici, or Mr. Weichselbaum, or both, were aware of, or caused, or permitted such payments to be made, and admit that JLSC received communications from FINRA concerning JLSC's compliance, or non-compliance, with minimum capital requirements, and refer the Court to those communications for their contents.

30.    State that paragraph 30 purports to set forth legal conclusions that require no response; to the extent paragraph 30 contains factual allegations, Defendants deny the truth of the allegations.

31.    State that paragraph 31 purports to set forth legal conclusions that require no response; to the extent paragraph 31 contains factual allegations, Defendants deny the truth of the allegations.

32.    Deny the truth of the allegations of paragraph 32, except admit that JLI and/or JLSC collected some moneys from some employees as contributions for health insurance premiums and that some portion of those funds was not transmitted to the health insurance carrier.

33.    Deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 33, except admit, upon information and belief, that health insurance for some employees of the Debtors was terminated in or about May or June 2010.

34.    Deny the truth of the allegations of paragraph 34.

35.     Deny the truth of the allegations of paragraph 35.

### AS TO THE FIRST CLAIM FOR RELIEF

36.     Incorporate by reference their responses to paragraphs 1 – 35 above.

37.     State that paragraph 37 is incoherent, and, to the extent that the allegations can be understood, Defendants deny the truth of the allegations of paragraph 37.

38.     Defendants deny the truth of the allegations of paragraph 38.

### AS TO THE SECOND CLAIM FOR RELIEF

39.     Incorporate by reference their responses to paragraphs 1 – 38 above.

40.     Defendants deny the truth of the allegations of paragraph 40.

41.     Defendants deny the truth of the allegations of paragraph 41.

42.     Defendants deny the truth of the allegations of paragraph 42.

43.     Defendants deny the truth of the allegations of paragraph 43.

### AS TO THE THIRD CLAIM FOR RELIEF

44.     Incorporate by reference their responses to paragraphs 1 – 43 above.

45.     Defendants deny the truth of the allegations of paragraph 45.

46.     Defendants deny the truth of the allegations of paragraph 46.

### AS TO THE FOURTH CLAIM FOR RELIEF

47.     Incorporate by reference their responses to paragraphs 1 – 46 above.

48.     Defendants deny the truth of the allegations of paragraph 48.

49.     Defendants deny the truth of the allegations of paragraph 49.

### AS TO THE FIFTH CLAIM FOR RELIEF

50.     Incorporate by reference their responses to paragraphs 1 – 49 above.

51.     Defendants deny the truth of the allegations of paragraph 51.

52.     Defendants deny the truth of the allegations of paragraph 52.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

53.    The Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

54.    Plaintiff's claims are barred, in whole or in part, by the doctrines of unclean hands, estoppel, and *in pari delicto*.

### THIRD AFFIRMATIVE DEFENSE

55.    Plaintiff's claims are barred, in whole or in part, by the doctrines of *res judicata* and collateral estoppel.

### FOURTH AFFIRMATIVE DEFENSE

56.    Any damage, loss or liability allegedly sustained by Plaintiff must be reduced, diminished and/or eliminated in proportion to the culpable conduct of entities or individuals other than Defendants under the principles of contribution, proportionate responsibility, comparative fault, and New York General Obligations Law § 15-108 and New York Civil Practice Law and Rules § 4545; Defendants are further entitled to a set-off equivalent to the amount for which they would be indemnified as officers or directors of JLI under the Articles of Incorporation and Bylaws of Empire Financial Holding Company (the "Articles of Incorporation" and the "Bylaws"). [2]

### FIFTH AFFIRMATIVE DEFENSE

57.    Any damages allegedly sustained by Plaintiff must be reduced by the amount Plaintiff recovers, or has recovered, from third parties in connection with other actions arising out of the same or related allegations contained in the Complaint,

---

[2] Empire Financial Holding Company changed its name to Jesup & Lamont, Inc. in 2007; the Articles of Incorporation and Bylaws of Empire Financial Holding Company remain the governing corporate documents for the Debtors.

including, but not limited to, as provided by New York General Obligations Law § 15-108(a) and New York Civil Practice Law and Rules § 4545.

### SIXTH AFFIRMATIVE DEFENSE

58.    Any damages allegedly sustained by Plaintiff arising out of the conduct of Defendants was caused by the intervening act(s) or omission(s) of persons other than Defendants, and said act(s) or omission(s) superseded any action or omission by Defendants for which they might be considered liable.

### SEVENTH AFFIRMATIVE DEFENSE

59.    Plaintiff's claims are barred in whole or in part by the indemnification and exculpation provisions found in the Articles of Incorporation and Bylaws of the Debtors, which, at Article Sixth of the Articles of Incorporation, provides, among other things, that "[a] director of the Corporation shall not be personally liable to the Corporation or its shareholders for monetary damages for breach of fiduciary duty as a director . . ." for acts such as Plaintiff has alleged in the Complaint.

### EIGHTH AFFIRMATIVE DEFENSE

60.    The Court lacks subject matter jurisdiction over this proceeding.

### NINTH AFFIRMATIVE DEFENSE

61.    The damages claimed in the Fourth Cause of Action are subject to offset, in whole or in part, based on a judgment entered as against 126-30 Northern Boulevard, LLC, and any and all moneys collected by Plaintiff from 126-30 Northern Boulevard LLC or any other person with respect to or related to any claim or cause of action alleged in the Complaint.

### TENTH AFFIRMATIVE DEFENSE

62.    Defendants have insufficient knowledge or information upon which to form a belief as to whether there may be additional affirmative defenses available to them, and therefore reserve the right to amend this answer to assert additional affirmative defenses.

WHEREFORE, Rabinovici and Weichselbaum demand judgment as follows:

1)    Dismissing the Complaint in its entirety;

2)    Awarding Defendants the costs and expenses of this proceeding, together with reasonable attorneys' fees; and

3)    Awarding Defendants such other relief as the Court may deem just and proper.

### DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Bank P. 9015 and Rule 38 of the Federal Rules of Civil Procedure, Defendants hereby demand that any and all issues in the case be tried before a jury, and Defendants do not consent to the jury trial being conducted by the Court or by a bankruptcy judge.

Dated: New York, New York
October 12, 2012

LOWENSTEIN SANDLER PC

By:_____
Robert C. Boneberg, Esq.
David M. Banker, Esq.
Richard C. Wolter, Esq.
1251 Avenue of the Americas
New York, New York 10020
Tel. (212) 262-6700
E-mail: rboneberg@lowenstein.com
E-mail: dbanker@lowenstein.com
E-mail: rwolter@lowenstein.com

*Attorneys for Defendants Steven Rabinovici and Alan Weichselbaum*